**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | CRIMINAL CASE NO. |
| : | 3:18-CR-220 (JCH) |
| v. : | |
| : | |
| VASHUN LEWIS, : | JUNE 24, 2022 |
|     Defendant. : | |

**RULING RE: MOTION FOR COMPASSIONATE RELEASE (DOC. NO. 223)**

Vashun Lewis, a defendant sentenced by this court, is currently serving that sentence with the Bureau of Prisons ("BOP"). Pending before this court is a Motion for Compassionate Release, filed by Mr. Lewis pro se. See Motion for Compassionate Release (Doc. No. 223) ("Lewis's Mot."). In his Motion, Mr. Lewis seeks "immediate release" from the BOP under the First Step Act as amended with regard to compassionate release. Although the court did appoint counsel to represent Mr. Lewis in this matter, defense counsel opted not to file a supplemental motion or memorandum. See Defendant's Unopposed Motion for Extension of Time (Doc. No. 238) at 1. The government has opposed Lewis's Motion. Government's Memorandum in Opposition ("Memo. In Opp.") (Doc. No. 242). As is required for "compassionate release" under section 3582(c)(1)(A)(i) of title 18 of the United States Code, Mr. Lewis has exhausted his administrative remedies. See Lewis's Mot. (Doc. No. 223) at 11.

Mr. Lewis also filed an appeal of his judgment in this case, which is currently pending at the Second Circuit Court of Appeals.[1]

---

[1] Under Federal Rule of Criminal Procedure 37, "[i]f a timely motion is made for the relief that the court lacks authority to grant because of an appeal that has been docketed and is pending", the court may either: "(1) defer considering the motion; (2) deny the motion; or (3) state either that it would grant

1

Mr. Lewis argues that there are extraordinary circumstances which justify his immediate release.  See Lewis's Mot. at 4-7.  He rests his argument on the COVID-19 pandemic and, more particularly, the "Delta" variant's presence in BOP facilities.  Id.  Mr. Lewis contracted COVID-19 while an inmate at the BOP.  Id. at 7.  In addition, Lewis argues that he now has a "disability", has difficulty walking, and suffers psychologically after contracting the virus.  Id. at 4,7.  He contends that he is at a high risk of again contracting the COVID-19 given the congregate nature of his confinement.  Id. at 5.  He claims that he is pre-diabetic, borderline hypertensive, at risk for cardiovascular disease, and overweight.  Id. at 7.

Mr. Lewis himself remains unvaccinated, as he refused the vaccine offered by the BOP in June 2021.  See Medical Records (Doc. No. 241) at 87.  He does not articulate his reasons for refusing the vaccine in his Motion.

Further, while Mr. Lewis does not specifically address all the 3553(a) factors, he argues that he is non-violent and a low risk for recidivism.  Id. at 8.  He also claims that he has not received any disciplinary tickets while in BOP custody.  Id. at 9.

Mr. Lewis has identified some borderline medical risk factors that increase his likelihood of experiencing severe illness should he contract COVID-19.  Clearly, though, like all unvaccinated individuals, Mr. Lewis is more vulnerable to the virus and its effects than his vaccinated peers.  However, it is this court's view that, absent a clear showing of a medical or other justified reason for refusing the vaccine, an inmate does not

---

the motion if the court of appeals remands for that purpose or that the motion raises a substantial issue." Fed. R. Crim. P. 37(a).  Thus, "district courts may deny—but not grant—motions over which they lack jurisdiction because of a pending appeal." United States v. Moore, No. 18-CR-167 (KMW), 2021 WL 260131, at *2 (S.D.N.Y. Jan. 25, 2021).

present exceptional circumstances on the basis of possible exposure to COVID-19, or any of its variants, when that inmate declines the offer of a highly effective vaccine that greatly reduces transmission and markedly lowers the risk of contracting a serious or life-threatening case of the virus.

Courts in this and other Circuits have reiterated that unfounded refusal of the COVID-19 vaccine generally does not create extraordinary and compelling circumstances warranting release.  See United States v. Poupart, No. 3:11-CR-116, 2021 WL 917067, at *1 (D. Conn. Mar. 10, 2021) ("[t]he opportunity for . . . inmates to opt to receive the COVID-19 vaccine represents a sea change from their previous COVID-19 vulnerability . . . . Evidence that a defendant has been offered the vaccine . . . demonstrates that he had the ability and opportunity to take measures to markedly reduce his risk of severe illness or death from COVID-19") (internal citation omitted); United States v. Broadfield, 5 F.4th 801, 803 (7th Cir. 2021) ("for the vast majority of prisoners, the availability of a vaccine makes it impossible to conclude that the risk of COVID-19 is an 'extraordinary and compelling' reason for immediate release");  United States of America v. Carl Hubbard, No. 3:17CR173 (JBA), 2021 WL 5275997, at *4 (D. Conn. Nov. 12, 2021) ("being offered and refusing the COVID-19 vaccine is not an automatic, disqualifying factor for compassionate release, but refusing the vaccine without informed reason substantially detracts from an incarcerated person's claim of exceptional medical vulnerability in prison . . . . When an incarcerated individual has refused the COVID-19 vaccine, courts have nearly uniformly denied compassionate release sought for medical reasons.") (internal quotation marks and citation omitted) (citing cases); United States v. Burden, No. 3:00-CR-263 (JCH), 2021 WL 3742111, at

*3 (D. Conn. Aug. 23, 2021) ("In the absence of . . . a showing [of a medical reason for declining the vaccine], taking the vaccine would reduce . . . [an inmate's] risk of COVID-19 exposure dramatically. It cannot be, in this court's view, that an inmate can decline a vaccine which, if taken, will largely avoid the risks which themselves form the basis for his position that extraordinary circumstances exist to justify a reduction in his sentence.").

Furthermore, evidence of the vaccine's effectiveness supports the broad consensus among courts that unwarranted refusal of the vaccine cannot undergird an inmate's claim of extraordinary and compelling circumstances.  The CDC has found that vaccinated persons are 2.3 times less likely to test positive for COVID-19 and 10 times less likely to die after contracting the virus.  See Rates of COVID-19 Cases and Deaths by Vaccination Status, CTRS. FOR DISEASE CONTROL & PREVENTION, https://covid.cdc.gov/covid-data-tracker/#rates-by-vaccine-status (last visited June 13, 2022).

This court acknowledges that the Second Circuit has suggested that an inmate should be afforded the opportunity to "explain why his release would be justified even if . . . he has been offered access to a vaccine." United States v. Jones, 17 F.4th 371 (2d Cir. 2021).  Mr. Lewis has offered no justification for declining the vaccine.

The court has reviewed the medical records submitted by the government.  See Medical Records (Doc. No. 241).   Mr. Lewis offers no claim, let alone any evidence, that he asked any health professional about the vaccine nor that he inquired as to the vaccine's safety when it was offered to him in June 2021.  The records indicate that Mr. Lewis has had opportunities to seek sound medical advice regarding the vaccine but

4

has failed to take advantage of them. Thus, given that Mr. Lewis has refused the vaccine without offering an informed medical reason, it is the court's view that he has failed to show that he has "exceptional circumstances" under the Compassionate Release Statute as modified by the First Step Act. See 18 U.S.C. § 3582(c)(1)(A)(i); see also Hubbard, 2021 WL 5275997, at *4 (determining that an inmate's "bases for refusing the vaccine—the lack of information provided by [his facility] and his fear of unmonitored anaphylaxis—are not reasonable bases to support his claim of extraordinary and compelling circumstances.").

Even if the court were to find exceptional circumstances, it would still decline to grant compassionate release because of the 3553(a) factors that the court must consider under the compassionate release statute. See 18 U.S.C. § 3582(c)(1)(A)(i); 18 U.S.C. § 3553(a). The court reaches that conclusion having reviewed all of the filings, as well as the material before the court at the time of sentencing.

While the court recognizes that Mr. Lewis received a lengthy sentence—a total term of imprisonment of 90 months—that sentence accurately reflected the seriousness of the crimes Mr. Lewis committed, as well as his criminal history and characteristics. See Judgment (Doc. No. 207). Mr. Lewis was found guilty by a jury after a three-day bifurcated trial of Possession of a Firearm in Furtherance of a Drug Trafficking Crime, in violation of section 924(c)(1)(A)(i) of title 18 of the U.S Code, and Unlawful Possession of a Firearm by a Felon in violation of sections 922(g)(1) and 924(a)(2) of title 18 of the U.S. Code. See Judgment (Doc. No. 207). Reducing Mr. Lewis' sentence would therefore be irreconcilable with the serious nature of his offense and the need to provide just punishment for his conduct. See 18 U.S.C. § 3553(a).

Furthermore, given Mr. Lewis' criminal history, the court accords great weight to an additional 3553(a) factor: the need to protect the public from further crimes of the defendant.  See 18 U.S.C. § 3553(a)(2)(C).  Mr. Lewis' extensive criminal history is rife with firearms offenses and instances of violence, evidencing a pattern of conduct that poses a troubling threat to the public.  See Revised Presentence Investigation Report (Doc. No. 200) at ¶¶ 33-52.  Thus, even if Mr. Lewis were to have presented extraordinary and compelling reasons for a sentence reduction, the court would not have reduced his sentence in light of the 3553(a) factors.

For the foregoing reasons, the court denies the Motion for Compassionate Release (Doc. No. 223).

**SO ORDERED.**

Dated at New Haven, Connecticut, this 24th day of June, 2022.


      /s/ Janet C. Hall
Janet C. Hall
United States District Judge