UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | CRMINAL CASE NO. |
| | : | 3:18-CR-220 (JCH) |
| v. | : | |
| | : | |
| VASHUN LEWIS, | : | |
|     Defendant. | : | JANUARY 5, 2024 |

**RULING ON MOTION FOR COMPASSIONATE RELEASE (DOC. NO. 249)**

**I.    INTRODUCTION**

Pending before this court is a second Motion for Compassionate Release ("Def,'s Mot.) (Doc. No. 249) filed by Vashun Lewis, pro se,   On June 14, 2023, the court appointed counsel for Mr. Lewis.  On July 26, 2023, counsel filed a Status Report (Doc. No. 256) indicating he would not be filing a renewed motion or supplement to Mr. Lewis's pro se filed motion.  The government filed its Opposition (Mem. of Opp.) (Doc. No. 260) on July 26, 2023, and Mr. Lewis filed his Reply (Doc. No. 261), pro se, on September 5, 2023.   Mr. Lewis seeks a reduction in his sentence for extraordinary and compelling reasons under 18 U.S.C. § 3582(c)(1)(A).  The grounds of Mr. Lewis's Motion are the harsh conditions he has faced while in the custody of the Bureau of Prisons ("BOP"), rehabilitation, and he challenges his conviction and the evidence brought against him at trial.  See Def's Mot. (Doc. No. 249) at 1.

For the reasons stated below, the Mr. Lewis's Motion is denied.

**II.    BACKGROUND**

After being found guilty by jury verdict on two Counts of the Superseding Indictment, Mr. Lewis was sentenced by this court on March 25, 2021, to 60 months

imprisonment on Count 1, Possession of a Firearm in Furtherance of a Drug Trafficking Crime, in violation of title 18 U.S. Code, §§ 924(c)(1)(A)(i), & 841(b)(1)(B)(i), and 846, and 30 months on Count 2, Unlawful Possession of a Firearm by a Felon, in violation of title 18, U.S. Code, §§ 922(g)(1) & 924(a)(2) to run consecutive, for a total of 90 months imprisonment.  At the time of sentencing, Mr. Lewis had a Category VI Criminal History under the Sentencing Guidelines reflecting a rather extensive criminal record.

This is Mr. Lewis's second Motion for Compassionate Release.  He filed his first such Motion, pro se, on September 16, 2021.  Motion for Compassionate Release (Doc. No. 223).  The court appointed counsel for Mr. Lewis on September 28, 2021.  After several motions to continue the deadline for filing a renewed Motion for Compassionate Release on behalf of Mr. Lewis, counsel notified the court that he would not be supplementing the record.   Motion for Extension of Time (Doc. No. 238).   The government filed its Opposition on April 8, 2022 (Doc. No. 242), and on June 24, 2022, the court issued it's Ruling denying Mr. Lewis's Motion.  Ruling Denying Release from Custody (Doc. No. 244).

Mr. Lewis has exhausted his administrative remedies.[1]

## III.  LEGAL STANDARD

Under section 3582(c)(1)(A) of title 18 of the United States Code, as modified by the First Step Act of 2018, an incarcerated defendant may move for compassionate release.  See 18 U.S.C. § 3582(c)(1)(A).  Pursuant to section 3582(c)(1)(A)(i), a court

---

[1] Mr. Lewis wrote to the Warden at Allenwood requesting compassionate release.  See Def's Mot. at 4.  He states that the Warden at Allenwood did respond; however, shortly thereafter he was transferred to another BOP facility and does not have a copy of the Warden's response. Id. at 3.  He states he also wrote to the Warden at Hazelton, his new facility, but did not receive a response.  Id.  The court will construe these circumstances as fulfilling the exhaustion requirement.

may not modify a term of imprisonment "once it has been imposed" except in a case where, after exhaustion of administrative remedies, the court considers the applicable section 3553(a) factors and finds that "extraordinary and compelling reasons warrant such a reduction." Id. § 3582(c)(1)(A)(i). Effective November 1, 2023, section 1B1.13 of the Sentencing Guidelines now applies to motions for "compassionate release" filed by individual defendants under section 3582, see Guidelines Manual § 1B1.13 (2023), and it now includes, inter alia, an expanded list of specified extraordinary and compelling reasons, see id.  The court has considered the Guideline amendments in this Ruling.

## IV.   DISCUSSION

### A.  Extraordinary and Compelling Circumstances

Mr. Lewis rests his argument on the difficult conditions he has faced since his transfer in BOP facilities, from Allenwood to Hazelton in March 2023.  He states that he is not able to complete his GED classes or participate in other "programs" due to constant lockdown and "negativity."  Def's Mot. at 2.  Mr. Lewis states that he is concerned about his family and has a job waiting for him upon his release in a family-owned business.  Id.

Mr. Lewis also argues that he has been incarcerated for the entirety of the Covid pandemic and the conditions he has endured warrant extraordinary and compelling circumstances for early release.  Reply at 3.

The court is sympathetic to the conditions Mr. Lewis faced while Covid was spreading throughout the BOP facilities.  However, when the vaccine did become available, Mr. Lewis refused to take it.  Government's Exhibit A (Doc. No. 259) at 87.

The Covid infections at his current BOP facility are under control and pose no greater risk than if Mr. Lewis were in the community. Thus, this basis does not support a finding that his circumstances are extraordinary or compelling.

The court finds that the other conditions Mr. Lewis describes do not meet extraordinary or compelling circumstances sufficient to warrant compassionate release.

B. Challenge of Conviction

Mr. Lewis argues that he was charged with possession of the same gun twice, that the Indictment was "defective," and the court failed to properly "charge" the jury. Id. at 1. As the court noted earlier, Mr. Lewis was convicted by a jury after 2 days of evidence. Mr. Lewis was sentenced by the court on March 31, 2021. A Notice of Appeal (Doc. No. 208) was filed on his behalf on April 1, 2021 and, on April 19, 2023, a Mandate issued affirming the Judgment of the District Court on all issues raised on appeal. See Mandate (Doc. No. 248).

The arguments raised here by Mr. Lewis are not appropriate bases to move the court for compassionate release under § 3582. The court notes that Mr. Lewis also has a Motion under title 28 U.S. Code § 2255 pending before the court. That Motion is the proper means to challenge his conviction.

Even if the court were to find extraordinary and compelling circumstances to warrant early release, it still is faced with consideration of the 3553(a) factors, which this court has addressed in its previous Ruling. Ruling (Doc. No. 244) at 5-6. As the government points out in its Response, "Vashun Lewis has a long criminal history and has led a life marked by disregard for the law and the lives of those around him." Mem.

in Opp. at 6.  The government goes on to list Mr. Lewis's criminal history, which is extensive.  Id.

Mr. Lewis was convicted of very serious offenses at trial, and his criminal history includes illegal possession of weapons; sale of illegal drugs; assault; robbery, and other crimes of a violent nature.  Id.

After review of the filings, and the materials before the court at the time of sentencing, the court reaches the same conclusion it did when it issued its prior Ruling in June 2022 denying compassionate release: "Reducing Mr. Lewis's sentence would therefore be irreconcilable with the serious nature of his offense and the need to provide just punishment for his conduct."  See 18 U.S.C. § 3553(a).  Ruling at 5.  The nature and circumstances of his offenses, his history and characteristics, and the court's concern about protecting the public, all still lead to the conclusion by this court that consideration of the 3553(a) factors lead to a denial of this second Motion for Compassionate Release.

## V.     CONCLUSION

For all of the foregoing reasons, and for the reasons stated by the court in its prior Ruling (Doc. No. 244), Mr. Lewis's Motion for Compassionate Release (Doc. No. 249) is denied.

**SO ORDERED.**

Dated at New Haven, Connecticut this 5th day of January 2024.

    /s/ Janet C. Hall
Janet C. Hall
United States District Judge